UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM D. HAASE,

        Plaintiff,

    v.                                                        Case No. 09-C-1084

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration,

        Defendant.

## DECISION AND ORDER

Plaintiff William D. Haase (hereinafter "Plaintiff" or "Haase") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his applications for Disability Insurance Benefits ("DIB") under Title II and Supplementary Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). 42 U.S.C. § 405(g). Plaintiff alleged in his applications that he was disabled due to a bad back, crushed chest, and shoulder pain. (Tr. 69.) After the Social Security Administration denied his applications initially and upon reconsideration, Plaintiff requested a hearing.

On January 9, 2009, Administrative Law Judge Joel Martinez (hereinafter "ALJ") conducted a hearing at which Plaintiff, represented by counsel, appeared and testified. Based upon his testimony, the testimony of a vocational expert, and the medical evidence presented, the ALJ concluded in an April 1, 2009 decision that Plaintiff did not have an impairment or combination of impairments qualifying him for benefits, and that he retained the residual functional capacity ("RFC") to perform light work, with occasional postural limitations. Finding that his past relevant

work fell within these restrictions, the ALJ concluded Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review.

Plaintiff claims the Commissioner's decision is not supported by substantial evidence in the record and that the ALJ committed four errors in reaching his decision. First, Plaintiff argues that the ALJ wrongly found Plaintiff's depression was not severe at step two, and consequently, failed to incorporate mental limitations into the RFC finding. Second, Plaintiff contends that the ALJ failed to identify Plaintiff's work-related abilities on a function-by-function basis. Third, Plaintiff argues that the ALJ erroneously failed to credit the opinion of Plaintiff's primary care physician, Dr. Kraemer. Finally, Plaintiff alleges that the ALJ improperly assessed Plaintiff's credibility.

Based upon its review of the entire record in this matter, the Court now concludes that the ALJ's determination that Plaintiff's severe impairments do not limit him from performing light work is supported by substantial evidence. This Court affirms the decision of the ALJ pursuant to 42 U.S.C. § 405(g) (sentence four).

## BACKGROUND

At the time of the hearing, Plaintiff was forty-two years old. (Tr. 396.) Injuries from a 1994 car accident caused pain in his shoulder. (Tr. 409.) He has had employment as a roofer and as a torch cutter. (Tr. 402-405.) He left his roofing job in 2003 after falling off a ladder, landing on a sawhorse, and injuring his back. In 2005 Plaintiff worked in a plastics factory on work-release while serving a five-and-a-half month jail sentence. (Tr. 336.) He last worked in 2007, again on work-release for a different sentence, at a packaging factory where he filled orders by going to different bins, selected items weighing up to ten pounds, and sent them down the line. (Tr. 400.)

Eventually that work became too difficult for Plaintiff and he was reassigned to affix labels to envelopes. (Tr. 401.) After two months Plaintiff was laid off. Plaintiff has not worked since. (Tr. 402.)

Plaintiff applied for DIB on February 15, 2006, alleging disability due to physical problems beginning on November 1, 2003. (Tr. 64-68.) He applied for SSI on March 15, 2006. (Tr.10.) The Agency denied his applications initially and upon reconsideration. (*Id.*) On February 1, 2007, Plaintiff requested a hearing before an ALJ. (*Id.*) On December 1, 2008, the ALJ conducted a hearing at which Plaintiff, an impartial vocational expert, and one of Plaintiff's friends testified. (*Id.*) The ALJ also considered medical documentation. Plaintiff was represented by counsel at the hearing.

Plaintiff completed two years at a technical college. (Tr. 396.) Plaintiff is divorced and has three children, ages 24 to 14. (Tr. 399.) He was placed on four years probation for a domestic abuse conviction but violated probation in 2006 for consuming alcohol. (Tr. 83, 397-98.) While in jail in 2007 Plaintiff was allowed work release privileges; he worked at the above-referenced packaging factory for two months. (Tr. 400.)

Since injuring his back in 2003, Plaintiff has sought and received pain medication but has not had surgery. (Tr. 408.) Plaintiff does not currently work. When Plaintiff is home he watches television, goes for short walks with his dog, heats food in the microwave, and eats. (Tr. 414.) Plaintiff's friend, Sandra Suess, has been helping him with basic household chores on a weekly basis since 2008. (Tr. 424-27.)

At the time of the hearing, Plaintiff testified that he suffered from pain in his legs that radiated from his lower back. (Tr. 409.) Plaintiff testified he could lift up to five pounds, could sit

3

for forty-five minutes, and could walk up to thirty minutes with a cane and up to fifteen minutes without one. (Tr. 409-11.)

**STANDARD OF REVIEW**

A district court's review of a social security appeal is limited to determining whether the ALJ's decision is supported by substantial evidence and based on the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004) (citation omitted). The court reviews the entire record but does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). However, "[i]n coming to his decision . . . the ALJ must confront evidence that does not support his conclusion and explain why it was rejected." *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003). The ALJ's findings of fact, if supported by substantial evidence, are conclusive. *Scheck*, 357 F.3d at 699 (citation omitted). Substantial evidence is such relevant evidence as a reasonable person could accept as adequate to support a conclusion. *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001) (citation omitted). If the ALJ commits an error of law, however, reversal is required without regard to the volume of evidence in support of the factual findings. *Binion on Behalf of Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997) (citation omitted). The ALJ commits such an error if he fails to comply with the Commissioner's regulations and rulings. *Brown v. Barnhart*, 298 F. Supp. 2d 773, 779 (E.D. Wis. 2003); *see also Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991).

The ALJ's decision must also demonstrate the path of his reasoning, and the evidence must lead logically to his conclusion. *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996) (citations

4

omitted). While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning. *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Even if enough evidence exists in the record to support the decision, the court cannot uphold it if the reasons given by the ALJ do not build an accurate and logical bridge from the evidence to the result. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (citations omitted). While it is true that the ALJ's decision must reflect a fair assessment of evidence and be free of fatal gaps and contradictions, it is also true that a reviewing court must "give the opinion a commonsensical reading rather than nitpick[] at it." *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999).

**ANALYSIS**

Plaintiff challenges: (1) The ALJ's finding that Plaintiff's depression was not a severe impairment; (2) The ALJ's conclusions regarding Plaintiff's residual functional capacity; (3) ALJ's rejection of opinions by Plaintiff's primary care physician, Dr. Kraemer; (4) ALJ's determination of Plaintiff's credibility.

**I. Plaintiff's Depression at Step Two**

In the course of his sequential evaluation under 20 C.F.R. § 404.1520(a)(4),[1] at step two the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine with radiculopathy, mild degenerative disc disease of the lumbar spine, left shoulder mild inferior displacement and extensive hetrotopic bone extending from the mid left

---

[1]Under this test, the ALJ considers sequentially 1) whether the claimant is currently employed; 2) whether the claimant has a severe impairment; 3) whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. § 404, Subpt. P, App. 1; 4) whether the claimant can perform her past work; and 5) whether the claimant is capable of performing work in the national economy. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

clavicle, and a history of substance abuse. (Tr. 12.) Plaintiff takes issue with the fact that the ALJ found that Plaintiff's depression was not a severe impairment. (Pl.'s Brief at 16.)

Before I address Plaintiff's arguments, I turn to the threshold issue of whether the ALJ's decision at step two–a decision which was favorable to Plaintiff but not as broad as he would like–is subject to remand. Some courts hold that an error at step two does not warrant remand as long as the ALJ proceeded beyond step two, reasoning that claimants in such cases suffer no prejudice. *See., e.g., Gordon v. Astrue*, No. 4:07-cv-00042, 2007 WL 4150328, at *7 (S.D. Ind., Nov. 13, 2007) ("As long as the ALJ proceeds beyond step two . . . no reversible error could result solely from his failure to label a single impairment as 'severe.' The ALJ's classification of an impairment as 'severe' or 'not severe' is largely irrelevant past step two. What matters is that the ALJ considers the impact of all of the claimant's impairments-'severe' and 'not severe'-on her ability to work."); *Cochrane v. Astrue*, No. 08 C 2906, 2009 WL 5173496, at *7 (N.D. Ill. Dec. 30, 2009) (indicating no error possible as long as the ALJ proceeds beyond step two). Other courts have rejected this approach and held that error at step two can only be deemed harmless if the ALJ sufficiently accounted for the severe impairment in the RFC analysis at step four. *Ramos v. Astrue*, 674 F. Supp. 2d 1076, 2009 WL 4555567, at *13 (E.D. Wis. Nov. 27, 2009). As Judge Adelman has explained,

> . . . if the ALJ fulfills this obligation at step four, any error at step two will likely be harmless. *See Keys v. Barnhart*, 347 F.3d 990, 994-95 (7th Cir. 2003) (applying harmless error doctrine in social security case); *cf.* [*Samuel v. Barnhart*, 295 F. Supp. 2d 926, 953-54 (E.D. Wis. 2003)] (reversing where ALJ erred in finding mental impairment not severe at step two and omitted any mental limitations from RFC at step four). Thus, the question becomes whether the ALJ's error at step two affected the RFC determination and thus the outcome of the case.

*Masch v. Barnhart*, 406 F. Supp. 2d 1038, 1054 (E.D. Wis. 2005). Because the latter approach sensibly recognizes that a severe impairment not identified at step two could prejudice the claimant

6

if not properly accounted for in setting the RFC, I decline to hold that the mere fact that the ALJ advanced beyond step two precludes a finding of error requiring remand.

Here the ALJ noted that Plaintiff had a "history of a depressive disorder" but found that it was "a non-severe mental impairment" because it "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (Tr. 12-13.) I now turn to the evidence before the ALJ to determine whether it supports his findings at step two. The record included no history of ongoing mental health treatment from a psychiatrist or psychologist. (Tr. 12.) The record contains no professional opinion of the claimant's mental functioning from a treating source. (*Id.*) The psychotherapist Plaintiff saw, Mr. Benz, was not an acceptable medical source for Social Security purposes. 20 C.F.R. §416.913(e). Still the ALJ considered the psychotherapist's counseling sessions with Plaintiff. (Tr. 12-13.) Certainly, Plaintiff's mental health may have been affected by his back pain, drug and alcohol addiction, by second and third order consequences stemming from his unemployment (failure to pay child support, financial concerns) and from his legal concerns (probation, pending arrest for failure to pay child support, incarceration). Such concerns understandably may cause a level of depression. On this record, however, the ALJ's determination that Plaintiff's depression was not severe is supported by substantial evidence. Plaintiff did not cite depression as affecting his work while on Huber release in 2007. (Tr. 400.) Plaintiff insisted that he did not want medication for his emotional concerns. (Tr. 366.) Plaintiff was examined by a psychologist, Keith Bauer, on January 8, 2007. Dr. Bauer found that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation (Tr. 218-23.) The ALJ rejected this opinion as not supported by the evidence. Because Plaintiff had no ongoing history of treatment for depression, was not seeing

7

a psychiatrist, and refused any medication for depression, the ALJ found that Plaintiff's depression was not severe. This is relevant evidence that a reasonable person could accept as adequate to support a conclusion. *See Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). Thus, this Court holds that the ALJ's decision is supported by substantial evidence and based on the proper legal criteria.

**II. Residual Functional Capacity**

The ALJ found that Plaintiff had the RFC to perform light work, with occasional postural limitations. (Tr. 14.) Plaintiff contends that the ALJ's RFC determination was not detailed enough in that he specified the RFC in terms of exceptional levels of work (sedentary, light, medium) but did not specify how long Plaintiff could sit, stand, walk or how much Plaintiff could lift, carry, push and pull. (Plaintiff's Brief, 16.)

I am satisfied that the ALJ adequately addressed this issue. While he did not break down the hourly work schedule Plaintiff could keep, the ALJ did specifically find that,

> . . . the claimant has the residual functional capacity to perform light work, with occasional postural limitations. The claimant should not climb ladders, ropes or scaffolds or work around extreme temperatures. The claimant should not perform overhead work.

(Tr. 14.) The ALJ properly followed Social Security regulations by assessing Plaintiff's work-related abilities on a function-by-function basis. SSR 96–8p, 1996 WL 374184. The record clearly shows that the ALJ questioned Plaintiff about his ability to stand, sit, walk, and carry. (Tr. 408-410.) This Court is not aware of any requirement in SSR 96-8p that the ALJ lay out the individual's work abilities on an hourly basis. There is substantial evidence in this record to

suggest that the ALJ assessed Plaintiff's RFC and concluded that Plaintiff had the capacity to perform light work.

**III. ALJ's Rejection of Plaintiff's Primary Care Physician, Dr. Kraemer**

The ALJ concluded that "As for opinion evidence, I give less weight to the opinion of treating source Dr. Kraemer" because "his opinion is inconsistent with the medical evidence as a whole." (Tr. 17.) The ALJ also found that the work limitations Dr. Kraemer prescribed for Plaintiff were too restrictive because they were not consistent with Dr. Kraemer's own treating notes. (Tr. 18.)

Plaintiff cites Seventh Circuit precedent for the proposition that an "ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudge v. Barnhart,* 345, F.3d 467, 470 (7th Cir. 2003). Here the ALJ considered Dr. Kraemer's testimony and compared it to the findings of <u>three</u> other doctors: Dr. Paul, Dr. McDonald, and Dr. Capulong. In so doing, the ALJ found that Dr. Kraemer's opinion was inconsistent with the evidence. (Tr. 14-18.)

The fact that Dr. Kraemer's conclusions and opinions were not consistent with his own treating notes provided the ALJ with good reason, grounded in the evidence, for rejecting the doctor's testimony that was favorable to Plaintiff. *See Dixon v. Massanari,* 270 F.3d 1171, 1178 (7th Cir. 2001). Further the ALJ found a contradiction between Dr. Kraemer's statement that Plaintiff's lumbar spine is significantly dysfunctional and the actual MRI evidence, which shows only minimal to mild degenerative changes in the lumbar spine. (Tr. 18.) The ALJ considered the treatment relationship between Dr. Kraemer and Plaintiff, finding that "Dr. Kraemer is apparently acting as an advocate for the [Plaintiff] in an attempt to obtain an award of disability" but noted that

the evidence did not support Dr. Kraemer's opinion that Plaintiff was disabled. (*Id.*) Thus the ALJ did look at Dr. Kraemer's "opinion's consistency with the record as a whole" and this Court concludes that the ALJ's decision is supported by substantial evidence and based on the proper legal criteria.

**IV. Plaintiff's Credibility**

Plaintiff claims he is disabled and, thus, unable to work. The ALJ questioned the Plaintiff's credibility for the following reasons: (1) Plaintiff exaggerated his symptoms; (2) Plaintiff exhibited drug-seeking behavior; and (3) The objective medical evidence did not support Plaintiff's disability claim.

The ALJ considered Plaintiff's exaggeration of symptoms as a factor in determining Plaintiff's limited credibility. On May 10, 2006 Dr. Ahmad Haffar noted that Plaintiff was able to stand on his heels and squat but Dr. Haffar observed Plaintiff exhibit exaggerated pain appearance. (Tr. 16, 276.) In addition Dr. Donald McDonald observed Plaintiff walk comfortably into the examining room but noted that once Dr. McDonald arrived in the room Plaintiff began "verbalizing and moaning and moving every few moments," exhibiting "excessive pain behaviors." (Tr. 281.) The ALJ's determination that Plaintiff exaggerated his pain is supported by substantial evidence.

The ALJ also considered Plaintiff's drug-seeking behavior when assessing Plaintiff's credibility. (Tr. 17.) Plaintiff went to an emergency room seeking pain medication just a week after he received a prescription for powerful pain medication from his treating physician, Dr. Kraemer. (Tr. 291.) Plaintiff often requested advances on his pain medication. (Tr. 17, 190, 199, 202, 206). Even Dr. Kraemer refused to continue to supply Plaintiff with the high level of pain medication Plaintiff requested. (Tr. 189.)

10

Finally, the ALJ's ultimate conclusion--that insufficient medical evidence supports Plaintiff's disability claim--also undercuts Plaintiff's credibility. While Plaintiff does have back and shoulder problems, they are not totally disabling. The MRI evidence showed Plaintiff has minimal to mild lumbar and cervical spine bulging. (Tr. 16.) An MRI of his left shoulder showed mild inferior displacement of the acromion. (*Id.*) Even with these physical impairments, Plaintiff is able to go for short walks, microwave food, and watch movies. While he is not able to perform any past relevant work (as a warehouse order selector or torch cutter), the impartial vocational expert testified that Plaintiff would be able to find work assembling electrical accessories or a cashier (Tr. 19.)

## CONCLUSION

I affirm the ALJ's decision because I find that it is supported by substantial evidence and based on the proper legal criteria. The ALJ's decision demonstrates a clear path of reasoning, and the evidence leads logically to his conclusion. The ALJ confronted evidence that did not support his conclusion and explained why it was rejected. Finally, the ALJ's decision comports with common sense. Plaintiff's severe impairments do preclude him from performing certain types of work, but they do not prohibit him from all types of work. Accordingly, the Commissioner's decision is affirmed pursuant to 42 U.S.C. § 405(g) (sentence four).

**SO ORDERED** this      26th      day of August, 2010.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge